**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0835n.06

**No. 10-5722**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Aug 03, 2012**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | EASTERN DISTRICT OF TENNESSEE |
| JEFF F. TILLOTSON, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before: COOK and STRANCH, Circuit Judges; STAMP, District Judge.[*]

COOK, Circuit Judge. After a three-day trial, a jury found Defendant Jeff Tillotson guilty of knowingly distributing, advertising, and possessing child pornography in violation of 18 U.S.C. § 2252A(a)(2), (a)(3)(B), and (a)(5)(B). Tillotson appeals, arguing that the district court erred in denying his motions for a bill of particulars, a mistrial, and a new trial. We AFFIRM.

I.

In 2007, law enforcement agents with the Department of Homeland Security ("DHS"), Federal Bureau of Investigation, and Pennsylvania State Police discovered an internet file server, "MovServ," that advertised child pornography. From MovServ, officials with each agency downloaded video files

---

[*]The Honorable Frederick P. Stamp, Senior District Judge for the Northern District of West Virginia, sitting by designation.

depicting children engaged in sexually explicit activity. After tracing MovServ to Tillotson's address, the agents searched Tillotson's home, where they found a laptop computer, an external hard drive, and a portable storage device (commonly known as a "thumb drive"). Suspecting that each contained child pornography, the officers seized the devices.

A forensic examination, conducted by DHS Agent Keith Barwick, confirmed the officers' suspicion: Agent Barwick determined that Tillotson's external hard drive hosted MovServ, the illicit file server, and held a cache of child pornography. Because many files were corrupted or incomplete, Agent Barwick was unable to view most of the files on the hard drive; he recovered, however, four videos containing child pornography and unearthed many more corrupted or incomplete files bearing names suggestive of child pornography. The government charged Tillotson with distributing, advertising, and possessing child pornography.

Prior to trial, the United States disclosed the evidence it planned to offer against Tillotson. On June 17, 2008, it provided Tillotson with a summary of Agent Barwick's testimony that it planned to use at trial. To this summary, the United States attached a copy of Agent Barwick's DHS investigation report, which detailed the results of his forensic analysis of Tillotson's computer hardware. The same day, the United States provided Tillotson with copies of his thumb drive, external hard drive, and laptop hard drive.

Agent Barwick's report described the four recovered videos, as well as the corrupted and difficult-to-view files that bore file names suggestive of child pornography. First, the report noted

2

that an examination of the external hard drive "yielded POSITIVE results for videos containing visual depictions of exploited minor children" and listed four video files that he "recovered from free/deleted areas of the disk." Further, the report noted that Agent Barwick found "[a]pproximately 166 graphical depictions of pornography both images and movies" in a directory on the external hard drive. According to Agent Barwick, "[o]f the 166, many contained file name[s] suggestive of child pornography," but he left blank the space provided for listing the files containing "actual visual depiction[s] of child pornography." A few days after Agent Barwick completed his forensic analysis, the United States filed a superseding indictment against Tillotson.

Complaining that the indictment's lack of detail impeded his ability to prepare a defense, Tillotson moved for a bill of particulars under Federal Rule of Criminal Procedure 7(f). The challenged indictment charged Tillotson with using his computer to commit child pornography offenses "on or about September 16, 2007, to on or about November 6, 2007." Apart from the date range of the offenses, the indictment provided little information about the exact files or instances of downloading or advertising. Tillotson sought, among other things, greater detail about the manner and dates of the charged offenses, the names and birth dates of his alleged victims, and "[t]he exact name and location of the alleged illegal material (i.e. file name and file path)." A magistrate judge denied the motion, finding the indictment "more than sufficient to inform [Tillotson] of the nature of the charges against him" and that "[he] and his attorneys well understand the nature of the prosecution and the anticipated evidence against [him]." The district judge denied Tillotson's appeal of the magistrate's order.

The case proceeded to a jury trial. The United States presented its case against Tillotson, relying primarily on the four videos that Agent Barwick recovered from Tillotson's external hard drive. During his direct examination, Agent Barwick testified that he located between 100 and 150 incomplete files on the external hard drive bearing names suggestive of child pornography, but noted that the bulk of the files "were corrupt" and that he only recovered and viewed the four video files described in his expert report. On cross-examination, defense counsel pressed Agent Barwick about the corrupted files, seeking an admission that the files did not depict child pornography. Contrary to defense counsel's expectation, Agent Barwick replied that he could view the corrupted files—though only with the assistance of forensic technology and even then, imperfectly—and that the files contained child pornography.

Defense counsel moved for a mistrial, arguing that this revelation constituted an unfair surprise. Because Agent Barwick left blank the area provided in his report for listing files depicting child pornography on the external hard drive, defense counsel argued, Tillotson crafted his defense on the assumption that the four encrypted video files were the entirety of the government's evidence against him. In response, the prosecutor explained that she had limited her presentation of evidence to the four recovered videos, because the files that defense counsel inquired about on cross-examination were too incomplete to meet the statutory definition of child pornography.

Citing three reasons, the district court refused to grant a mistrial. First, Agent Barwick's report reflected that the additional files on the external hard drive bore names suggestive of child

pornography. Second, the United States provided Tillotson with a copy of the external hard drive from which they discovered the images. Third, defense counsel himself embarked on the line of questioning that revealed the presence of additional child pornography on the hard drive, despite the fact that he "certainly should have been at least alerted as to what the answer might have been." The court also rejected Tillotson's proposal that it order the jurors to disregard the testimony elicited from Agent Barwick during his cross examination, reasoning that such an instruction would call undue attention to the objectionable testimony.

The trial proceeded, and the jury found Tillotson guilty of all three counts. Following the verdict, Tillotson moved for a new trial, raising the same arguments presented in support of his motion for a mistrial—that the United States "ambushed" his defense by submitting a misleading expert report. The district court denied the motion and sentenced Tillotson to 204 months' imprisonment. This timely appeal followed.

II.

Tillotson challenges the district court's denial of his motion for a bill of particulars and its refusal to grant him a new trial. For reasons explained below, we reject both challenges.

*A. Tillotson's Motion for a Bill of Particulars*

In its discretion, a district court "may direct the government to file a bill of particulars." Fed. R. Crim. P. 7(f). To avoid unfair surprise at trial and the potential for double jeopardy, and to assist

defendants in preparing their defense, the device allows defendants to elicit greater detail regarding the charges against them. *See United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993); *United States v. Musick*, 291 F. App'x 706, 724 (6th Cir. 2008). It is not meant, however, "as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004) (quoting *Salisbury*, 983 F.2d at 1375). To successfully challenge the denial of a request for a bill of particulars, a defendant must show not only that the court abused its discretion, but also that he "actually suffered surprise or other prejudice at trial." *Salisbury*, 983 F.2d at 1375; *see also Musick*, 291 F. App'x at 724. Tillotson fails to show either.

Tillotson's indictment informed him that the government charged him with using his computer to advertise, possess, and distribute child pornography between September 16, 2007, and November 6, 2007. The district court correctly found this description sufficient to apprise Tillotson of the charges against him, and the discovery material that the United States provided eliminated any remaining ambiguity. Before trial, the United States (1) provided Tillotson with a report detailing the results of its forensic investigation of his computer, (2) supplied him copies of the hard drives on which the government based its case, and (3) invited defense counsel to the United States Attorney's Office to view the child pornography files that agents downloaded from Tillotson's computer. We agree with the district court's conclusion that the indictment—coupled with these discovery materials—adequately notified Tillotson of the case against him and provided him ample opportunity to prepare a defense.

Even if the district court erred in rejecting Tillotson's request, he fails to demonstrate prejudice. Tillotson's purported surprise stems from the unexpected testimony of Agent Barwick regarding the corrupt and incomplete files in the external hard drive. In the section of his report describing these files, Agent Barwick left empty the space following this prompt: "The following files contain actual visual depiction[s] of child pornography." From this, Tillotson claims that he inferred that the "external hard drive did not contain any forbidden images." But the sentence preceding this prompt noted that "[a]pproximately 166 graphical depictions of pornography" sat on the external hard drive and that, of these 166, "many contained file name[s] suggestive of child pornography." Nevertheless, Tillotson argues that Agent Barwick surprised him by revealing—when asked about the files during cross-examination—that he had examined the incomplete files and discovered that most contained child pornography.

For two reasons, we find Tillotson's "surprise" to be self-inflicted. First, the United States provided Tillotson with a copy of the hard drive with which he claims the United States ambushed him. Second, though the United States mentioned the incomplete files, it limited its own presentation of evidence to four videos recovered from Tillotson's computer—all of which Agent Barwick listed in his expert report. Tillotson's counsel thus could have avoided the surprise at trial either by investigating the hard drive himself—a prudent course of action, given other statements in the report that should have at least prompted further inquiry—or by simply refraining from cross-examining Agent Barwick on the point. Accordingly, we find that the district court acted within its discretion in denying Tillotson's motion for a bill of particulars.

*B. Tillotson's Motion for a Mistrial*

Tillotson next challenges the district court's denials of his motion for a mistrial and his related motion for a new trial. His arguments for the motions match those underlying his unsuccessful bill-of-particulars challenge—that Agent Barwick's report stated that Tillotson's external hard drive contained no child pornography, and that the United States unfairly surprised Tillotson at trial with evidence of child pornography recovered from the incomplete files in his external hard drive. Again, Tillotson's surprise stemmed from the blank space in Agent Barwick's report, which Tillotson mistakenly read as indicating that his hard drive was clear of child pornography.

We review the denial of Tillotson's motions for abuse of discretion. *See United States v. Wettstain*, 618 F.3d 577, 588 (6th Cir. 2010). A court may, in its discretion, declare a mistrial to remedy a discovery violation. *See* Fed. R. Crim. P. 16(d)(2) ("If a party fails to comply with this rule, the court *may* . . . enter any . . . order that is just under the circumstances." (emphasis added)); *United States v. Clark*, 385 F.3d 609, 621 (6th Cir. 2004) (noting that Rule 16 is cast in discretionary language). In determining whether the United States' conduct warranted a new trial, our touchstone is whether the violation deprived Tillotson of a fair trial. *United States v. Porter*, 701 F.2d 1158, 1162 (6th Cir. 1983).

We find that the court properly exercised its discretion in denying Tillotson's motions. First, the court correctly noted that "nothing in the record suggests that the government engaged in any misconduct, either intentionally or inadvertently, to mislead the defendant." Second, the

government's discovery materials complied with Federal Rule of Criminal Procedure 16, which requires only that the government provide the defendant "a written summary of any testimony that the government intends to use . . . during its case-in-chief at trial." Fed. R. Crim. P. 16(a)(1)(G). As the court noted, Agent Barwick's expert report listed the four videos that the government intended to produce at trial and was, at worst, agnostic on the question whether the remaining incomplete files contained child pornography. Finally, Tillotson could have avoided the surprise by conducting his own investigation of the hard drive that the United States supplied him during discovery.

III.

For these reasons, we AFFIRM.